UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN LEE FOSTER, | No. 2:21-cv-000341 DB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| ANN MARIE SCHUBERT, | |
| Defendant. | |

Plaintiff Martin Lee Foster proceeds pro se with an action seeking relief pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's complaint for screening. (ECF No. 1.) Also before the court are plaintiff's motions to proceed in forma pauperis (ECF Nos. 9, 17, 19), motion for release (ECF No. 24), and request to redirect fee waiver (ECF No. 6).

For the reasons stated below, the court will deny as moot plaintiff's motion for release, request to redirect fee waiver, and motions to proceed in forma pauperis. The court will recommend that this action be dismissed without prejudice as the court must abstain from hearing this case while the plaintiff's state criminal case at issue is pending.

**SCREENING**

**I.   Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. §

1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

## II. Allegations in the Complaint

Plaintiff filed an initial complaint on February 22, 2021. (ECF No. 1.) After filing several additional documents with the court, plaintiff filed an amended complaint on July 22, 2021.[1] (ECF No. 23.)

In the amended complaint, plaintiff alleges the following: plaintiff is currently being held due to a pending criminal case against him. (Id. at 5.) Defendant public defender Christopher has not visited the plaintiff or provided him with discovery. (Id. at 1.) Defendant Christopher knew plaintiff is innocent but claimed plaintiff is incompetent to stand trial. (Id.) Plaintiff was previously found competent by Judge Gordon D. Schaber. (Id. at 2.) Despite this, defendant Christopher represented to a later court that he believed plaintiff was incompetent. (Id.) Plaintiff was subsequently found incompetent. (Id.) Due to this, a psychiatric hold was placed on the plaintiff and his case has not been resolved. (Id.)

Plaintiff previously named District Attorney Ann Marie Schubert as a defendant in his initial complaint. (ECF No. 1 at 1.) In the amended complaint, plaintiff does not expressly name defendant Schubert. (See ECF No. 23.) However, plaintiff brings appears to bring claims against an unnamed district attorney ("defendant DA"). (ECF No. 23 at 5.) Plaintiff alleges that defendant DA "illegally deemed [plaintiff] incompetent to stand trial." (Id.)

## III. Younger Abstention

Plaintiff states in the amended complaint that his claims stem from an unresolved state criminal case. (Id. at 1.) Plaintiff claims that he is still in custody pending the resolution of a

---

[1] Plaintiff does not outright state that he intended to file an amended complaint. However, this document appears to be intended as an amended complaint as it addresses the same incident in question. (See ECF No. 23; ECF No. 1.) As such, this document will be considered an amended complaint and screened as such.

3

criminal charge under California Penal Code 245(A)(2).  (Id. at 2.)  This state case remains unresolved as plaintiff was found incompetent to stand trial and is under a psychiatric hold.  (Id. at 2, 5.)  In general, federal courts are required to abstain from interfering with ongoing state criminal proceedings.  Younger v. Harris, 401 U.S. 37, 43-45 (1971).

**A.  Legal Standard**

Principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.  Younger, 401 U.S. at 43-54.  Abstention under Younger is required when: (1) state proceedings, judicial in nature, are pending; (2) state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue.  See Middlesex County Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982); Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc., 477 U.S. 619, 627 (1986).  Criminal proceedings, by their very nature, involve important state interests.  See Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir. 2003) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam)) (stating that a state has an important interest in passing upon and correcting violations of a defendant's rights in criminal proceedings).

When a defendant is found incompetent to stand trial in California, criminal proceedings remain ongoing.  Bark v. Patton State Hosp., 2019 WL 5580972, at *8-*9 (C.D. Cal. 2019) (finding Younger abstention applies when where a criminal defendant is found to be mentally incompetent to stand trial the criminal case "has been paused" and state criminal proceedings remain ongoing), adopted by 2019 WL 5579536 (C.D. Cal. 2019); See Martin v. Rains, 2020 WL 2395212, at *2 (C.D. Cal. 2020); Davie v. Villanueva, 2020 WL 7027537, at *3 (C.D. Cal. 2020)  Thus, Younger abstention still applies following a finding that a defendant is not presently competent to stand trial.  Id.

Where all three criteria for abstention are met, the Younger doctrine requires the federal court to dismiss the action without prejudice.  See Beltran, 871 F.2d at 782 ("Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended.  To the

contrary, Younger abstention requires *dismissal* of the federal action." (emphasis in original) (citations omitted)).

### B. Analysis

The first requirement for abstention under Younger is satisfied as there are ongoing state judicial proceedings. See Middlesex County Ethics Comm., 457 U.S. at 432. Plaintiff's complaint and court records are clear that state judicial proceedings are pending in the plaintiff's state criminal case. (ECF No. 23 at 1.) Plaintiff states that he is presently awaiting further proceedings in that case but that any proceedings are postponed due to the court ruling that plaintiff was incompetent to stand trial. (Id. at 5.) Sacramento County Superior Court public records also confirm that the state criminal case at issue in this action has not been resolved due to plaintiff being found incompetent.[2] Foster, No. 20FE011797.

Given the unresolved nature of plaintiff's criminal case, state judicial proceedings are plainly ongoing. Here, plaintiff's case is still pending as a result of the state court's finding that plaintiff is incompetent to stand trial. (ECF No. 23 at 1, 5.) A case is still considered pending for purposes of Younger after a criminal defendant is found incompetent to stand trial. See Bark, 2019 WL 5580972, at *8-*9.

The pending state judicial proceedings involve an important state interest as they are criminal proceedings. See Koerner, 328 F.3d at 1046. This fulfills the second requirement for Younger abstention as the ongoing state judicial proceedings involve an important state interest. See Middlesex County Ethics Comm., 457 U.S. at 432.

////

---

[2] The court may take judicial notice of state court records. See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts). On its own motion, the court takes judicial notice of the plaintiff's pending criminal case. People v. Foster, Sacramento County Superior Court Case No. 20FE011797 (2020). Plaintiff identifies the case under Sacramento Police Department case number 2020-225347. The Sacramento County Superior Court case number for plaintiff's criminal case is 20FE011797. Case records from the Sacramento County Superior Court can be found at https://services.saccourt.ca.gov/PublicCaseAccess/Criminal.

The third and final requirement for Younger abstention is also satisfied. Id. Plaintiff has failed to demonstrate that state proceedings do not "afford an adequate opportunity to raise the constitutional claims." Id. (citation omitted) (quoting Moore v. Sims, 442 U.S. 415, 430 (1979)). As such, the third requirement for Younger is met as plaintiff provides no authority that state law clearly bars the assertion of the relevant federal constitutional claims.

In this case, the court's abstention is required by Younger given that the three criteria for Younger abstention are present. Id. The Younger doctrine requires that the court dismiss actions where Younger applies. Accordingly, it will be recommended that this action be dismissed without prejudice. See Beltran, 871 F.2d at 782.

**IN FORMA PAUPERIS**

Plaintiff has submitted three motions to proceed in forma pauperis. (ECF Nos. 9, 17, 19.) However, as it will be recommended that plaintiff's complaint be dismissed, these motions will be denied as moot.

**MOTION FOR RELEASE**

Plaintiff has requested that the court release order him from custody. (ECF No. 24.) This motion will be denied as moot as it will be recommended that this action be dismissed.

Additionally, it is noted that plaintiff's request appears to challenge the grounds of his imprisonment and, as such, is not proper for a § 1983 action. "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curium). A habeas corpus petition is the proper mechanism for a prisoner to use to contest the legality or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). In contrast, a civil rights action pursuant to § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. Plaintiff's motion for release appears to be improper for a § 1983 action.

6

## REQUEST TO REDIRECT FEE WAIVER

On March 15, 2021, plaintiff filed a request asking the court to redirect a "fee waiver" submitted in one of plaintiff's other cases, Foster v. Newsom, 2:21-cv-00316, to the present case. (ECF No. 6.) It appears that this request was already fulfilled as plaintiff's motion to proceed in forma pauperis was subsequently received in this case on March 18, 2021. (ECF No. 9.) Given this, this request will be denied as moot.

## CONCLUSION

For the reasons state above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is ordered to randomly assign a district judge to this action;
2. Plaintiff's request to redirect fee waiver (ECF No. 6) is denied as moot;
3. Plaintiff's motions to proceed in forma pauperis filed March 18, 2021 (ECF No. 9), May 13, 2021 (ECF No. 17), and June 1, 2021 (ECF No. 19) are denied as moot; and
4. Plaintiff's motion for release (ECF No. 24) is denied as moot.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 16, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil.Rights/S/fost0341.scrn.fr